FILED
United States District Court
Albuquerque, New Mexico
Mitchell R. Elfers
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

IN RE SEARCH WARRANT
APPLICATION FOR LOCATION                                 24-MR-1391
INFORMATION.

## IN RE SEARCH WARRANT APPLICATION
## FOR LOCATION INFORMATION

On July 19, 2024, the United States submitted an application for a search warrant to obtain a target's location information from signals sent to the internal modem located inside the target's vehicle. As part of its application, the United States requests that the Court order the company that provides service to the internal modem to "furnish the government all . . . technical assistance necessary . . . including by initiating a signal to determine the location of the Target Cell Phone on [the service provider's] network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government." The United States' application contains no indication that it is the service provider's regular practice to initiate such signals. Thus, it does not appear that the United States is seeking prospective records the service provider would produce in the absence of a Court order. Instead, it appears the United States is seeking to have the Court order the service provider to take an action it would not take absent a Court order by creating records it would never possess absent a Court order, so that law enforcement may then obtain the records created only as a result of the Court order.

As authority for the Court to order a private company to assist law enforcement by performing some action it would not perform absent a Court order, the United States does not seek a writ of mandamus. Instead, the United States seeks a warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c)(1)(A). Rule 41 indisputably allows the Court to

1

issue a search warrant that requires the company on which the warrant is served to stand aside while law enforcement executes the warrant. But it appears the United States' current request seeks more than an order to have the service provider simply stand aside while law enforcement conducts its search. Here, it appears the United States seeks an order requiring the company to contact the target of an investigation through sending signals to the target at whatever times and intervals law enforcement directs.

For its part, § 2703(c)(1)(A) indisputably allows the United States to use a search warrant to obtain a record or other information, from a provider of electronic communication service or remote computing service. Neither the plain text of Rule 41 nor § 2703(c)(1)(A), however, appear to allow the Court to order a company to create records it would not otherwise create so that law enforcement may then seize the records. Not seeing the source of such authority in the plain text of Rule 41 or § 2703(c)(1)(A), the Court informed the United States that it would not issue a search warrant that ordered a private company to take such action. In addition, the Court denied the United States' application based on a concern related to probable cause.

On July 24, 2024, the United States resubmitted its application for a search warrant.[1] This resubmission resolved the Court's concern regarding probable cause. Unlike previous instances in which the United States has removed language about "initiating a signal" from its applications when the undersigned has expressed concern about this language, the United States did not

---

[1] The United States submitted its first application to the undersigned, who was the duty magistrate judge at the time of submission. The United States submitted its second application to the Honorable Laura N. Fashing, who was the duty magistrate judge at the time of the second submission. As part of its submission, the United States informed Judge Fashing that the undersigned had previously reviewed and rejected the application. Consistent with the Court's practice of having the same judge who has rejected a search warrant application review future submissions, Judge Fashing then transferred the United States' search warrant application back to the undersigned.

remove this language from its resubmission. As a result, to allow the United States to submit argument in favor of the "initiating a signal" command it requests the Court to issue, the Court sets this matter for a hearing on Thursday, August 1, 2024 at 1:30 pm in the Rio Grande Courtroom.

In addition, this hearing will address paragraph 2 of the affidavit the United States submitted in support of the search warrant application. This paragraph states, "Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a 'pen register' and or 'trap and trace device,' *see* 18 U.S.C. § 3127(3) & (4), the requested warrant is designed to also comply with the Pen Register Act. *See* 18 U.S.C. §§ 3121-3127. The requested warrant therefore includes all the information required to be included in an order pursuant to that statute. *See* 18 U.S.C. § 3123(b)(1)." The Court notes that the United States has not submitted a separate application for an order for a pen register or a trap and trace device. Section 3122 requires that an application for an order for a pen register or a trap and trace device that is not submitted by "a *State* investigative or law enforcement officer" be submitted by "an attorney for the Government." 18 U.S.C. § 3122(a) (emphasis added). Further, § 3122 requires "a certification by the applicant that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by that agency." 18 U.S.C. § 3122(b)(2). The affidavit submitted in support of the present search warrant was signed by a federal law enforcement agent and contained no § 3122(b)(2) certification. Consequently, to the extent the United States' application for a search warrant seeks information that falls within the statutory definitions of information collected by a "pen register" or a "trap and trace device", and is "designed to comply" with the Pen Register Act, the United States has fallen short of compliance. If the

3

United States believes its search warrant application does comply with § 3122, it may argue this position at the hearing. Further, if the United States believes the existence of probable cause for a search warrant vitiates the need to comply with § 3122 in cases where information obtained as part of the search warrant falls within the statutory definition of a "pen register" or a "trap and trace device", the United States may so argue.

Because the issues about which the Court sets a hearing involve language common to search warrants the United States presents in this District, the Court invites, but does not require, an attorney from the Federal Public Defender's Office to appear and present any argument it has as to (1) why this "initiating a signal" language exceeds the scope of authority Rule 41 provides and (2) whether the existence of probable cause for a search warrant vitiates the need to comply with § 3122 in cases where information obtained as part of the search warrant falls within the statutory definition of a "pen register" or a "trap and trace device."[2]

The Court finds probable cause exists to believe that the location information the United States seeks constitutes evidence of a crime. Therefore, the details of the United States' investigation are not relevant to the issues that will be heard. As such, the Court does not file the present Order under seal and intends to hold a public hearing on these issues without the need to reveal specific information about the investigation to which this search warrant application relates.

---

[2] The United States' application also contains inconsistencies that need to be addressed before the warrant is approved, but do not warrant a hearing. First, in paragraph 27, the affidavit requests that the Court allow delayed notification under 18 U.S.C. § 3103a(b), but the United States' application for a search warrant makes no similar request. Second, the signature line of the affidavit contains "sworn before me" language that indicates the United States would like to present the affidavit in person while the search warrant application contains "sworn telephonically and submitted electronically" language that indicates the United States prefers to submit the search warrant electronically.

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE