|              |                                                                                                   |
|--------------|---------------------------------------------------------------------------------------------------|
| **From:**    | Steven Yarbrough                                                                                  |
| **To:**      | Hirsch, David (USANM)                                                                             |
| **Cc:**      | Zachry, Christine Morgan (AQ) (FBI); Fontanez, Eva M, (USANM); Glanz, Buck (FD); Kimberly Dapson |
| **Subject:** | RE: Follow-Up Submission - 24-mr-1391                                                             |
| **Date:**    | Tuesday, July 30, 2024 6:36:12 PM                                                                 |
| **Attachments:** | image001.png                                                                                  |

Good afternoon. When I initially set this hearing, my thought was that, if the United States is going to defend its PRTT language and its request for an initiate-a-signal command, I need to let the United States and the FPD make its arguments and then issue a written decision. I understand that, although I have been rejecting the United States' request for an initiate-a-signal command for the past 10 years, most of the magistrate judges in our district have not had a problem with this language. Given that there is a split within the district, in which I am possibly the lone magistrate judge who rejects this request, it seemed to me that, if the United States is going to continue to request the Court to order a provider to initiate a signal, I need to hear argument and issue a written opinion. (To date, every time I am on the duty rotation, I receive at least one request to sign a search warrant that includes a request for an initiate-a-signal command, and so this is not a one-off). My practice has been to reject any request for a search warrant that contains this request. Until the search warrant application now at issue, my rejection of United States' initiate-a-signal request would result in the United States resubmitting the warrant application without a request for me to order the provider to initiate a signal. The current situation is different. When I explicitly tell the United States that I am rejecting a warrant application because that application asks me to do something I do not believe I have the authority to do and then, rather than removing the concerning language, the United States resubmits the warrant application with the exact same language, I take that as the United States saying that it stands by its submission and wants a ruling. I have no problem with this, especially in situations like the present where the request I am rejecting is part of the United States' regular submissions. I recognize the United States cannot challenge/appeal a magistrate judge's routine rejection of a request like the one at issue here until it gets a formal decision from the magistrate judge. And, of course, the United States should have an avenue to appeal decisions it thinks are wrong.

I understand that you are now saying that it is not your intent to argue in support of the request for an initiate-a-signal command or the PRTT language that I found concerning. However, when the United States submits a request, has that request rejected, resubmits the exact same request, and then only withdraws it when a hearing is set, I am not certain the issue is moot--especially if the United States will continue to submit the same request going forward.

Further, if at the time the United States submitted the present search warrant application, the United States had already decided it should not request courts to order a provider to initiate a signal, I can understand an AUSA nonetheless mistakenly submitting outdated stock language that includes such a request (although submitting a form that is six years out of date is less excusable). What I do not understand, however, is the intent of the United States in resubmitting the exact same request for an initiate-a-signal command, in connection with the exact same warrant, after the Court just explicitly rejected the request for an initiate-a-signal command, and explained the reason it was rejecting the request (concern about lack of authority to do so). If the government did not resubmit its already-rejected request as a means to get a hearing so that it could make argument in support of the request and possibility appeal an adverse decision, why did the United States resubmit the request? Although I can accept "it was mistakenly submitted" the first time, it is difficult for me to accept an argument that, "even after the Court identified this specific language at issue and explicitly explained why the

Court had a problem with this language, and even though the United States has no argument to support its submission of this request, the United States nonetheless *again* submitted the request. But this was again just a mistake." If the United States is now telling me that it did not resubmit the rejected request in an effort to be heard and possibly seek an appeal on the issue, I am concerned about the United States' act of submitting a request it does not believe to be valid to one judge, having that judge reject the request, and then resubmitting that same request (that the United States does not believe is valid) to a different judge.

Hopefully this sufficiently explains the reasons I would like to go forward with the scheduled hearing and the concerns I have. Because I am making the hearing public, I also think it is best to incorporate this conversation into the record. As a result, by this email I am asking my courtroom deputy to file this email chain in this case.

Sincerely,

Steven C. Yarbrough
United States Magistrate Judge
(505) 348-2270

---

**From:** Hirsch, David (USANM) <David.Hirsch@usdoj.gov>
**Sent:** Tuesday, July 30, 2024 4:31 PM
**To:** Steven Yarbrough <Steve_Yarbrough@nmd.uscourts.gov>
**Cc:** Zachry, Christine Morgan (AQ) (FBI) <CMZACHRY@fbi.gov>; Fontanez, Eva M, (USANM) <Eva.Fontanez@usdoj.gov>; Glanz, Buck (FD) <Buck_Glanz@fd.org>
**Subject:** RE: Follow-Up Submission - 24-mr-1391

**CAUTION - EXTERNAL:**

Judge Yarbrough,

I'm attempting to prepare for the Thursday hearing, and I have a question on the scope of the legal argument.

The Court's order set the hearing to allow us to argue: (1) in favor of the "initiating a signal" language; and (2) essentially, that a separate PRTT application was not required to accompany the warrant. Given that we do not intend to support either argument, the hearing may be moot. I do not believe I should argue for either (1) or (2) as applied to a hypothetical warrant, without any blessing from Main Justice. (For what it's worth, I believe Main Justice is removing that language from all of its go-bys.)

I hope this email is not too impertinent. I am happy to appear and present our position on any legal issues connected with the warrant.

Note that I am copying Buck Glanz, who I understand will present the FPD's position at any hearing.

Best,

**David Hirsch**
Assistant U.S. Attorney

**Phone** 505-224-1536



Mobile 505-382-0082

---

**From:** Steven Yarbrough <Steve_Yarbrough@nmd.uscourts.gov>
**Sent:** Tuesday, July 30, 2024 10:23 AM
**To:** Hirsch, David (USANM) <DHirsch@usa.doj.gov>
**Cc:** NMDdb_ABQ Magistrate CRD Backup <abqmagcrdbackup@nmd.uscourts.gov>; Zachry, Christine Morgan (AQ) (FBI) <CMZACHRY@fbi.gov>; Fontanez, Eva M, (USANM) <EFontanez@usa.doj.gov>
**Subject:** [EXTERNAL] RE: Follow-Up Submission - 24-mr-1391

Thank you for getting this to me in advance David. I would like to go ahead with the hearing and have no problem with your appearing.

Steven C. Yarbrough
United States Magistrate Judge
(505) 348-2270

---

**From:** Hirsch, David (USANM) <David.Hirsch@usdoj.gov>
**Sent:** Monday, July 29, 2024 3:54 PM
**To:** Steven Yarbrough <Steve_Yarbrough@nmd.uscourts.gov>
**Cc:** NMDdb_ABQ Magistrate CRD Backup <abqmagcrdbackup@nmd.uscourts.gov>; Zachry, Christine Morgan (AQ) (FBI) <CMZACHRY@fbi.gov>; Fontanez, Eva M, (USANM) <Eva.Fontanez@usdoj.gov>
**Subject:** Follow-Up Submission - 24-mr-1391

**CAUTION - EXTERNAL:**

Judge Yarbrough,

I apologize for the repeated submissions of warrants in 24-mr-1391. I respectfully request that you review this email, and the attached revised warrant, before holding any hearing next Thursday.

In response to the concerns raised in your Order (also attached):

1. The language regarding "initiating a signal" came from a 2018 go-by that does not reflect how service providers collect data today. To be clear, the United States does not seek to force AT&T to initiate a signal to determine the location of the target. A writ of mandamus is not required, and the warrant sought is permissible under Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c)(1)(A). In an abundance of caution, I contacted CCIPS and a local FBI agent, who confirmed that AT&T would not be creating records it would not otherwise create.

2. The omission of a separate PRTT application and proposed order was an error. We agree that the

affidavit submitted did not contain any certification by a state investigative or law enforcement officer, or attorney for the government.  *See* 18 U.S.C. § 3122(a).  Theoretically a search warrant could contain a PRTT application in its affidavit—we have seen examples from the District of Colorado—but the AUSA would have to sign the affidavit to provide the required certification.

3. The revised warrant corrects the issues noted in footnote 2 of the Court's order.

This was not a novel warrant—at least two have been approved in this District without signal initiation language.  *See* __-mr-____ (Yarbrough, J.) (slightly different, involving a telematics service provided by Sirius XM); __-mr-__ (Briones, J.) (similar warrant).  We will remind AUSAs that any novel application, or any application rejected by a magistrate judge on grounds other than a lack of probable cause, should be submitted to a CHIP.

If you will go ahead with the hearing, please allow me to appear.

Thank you,



**David Hirsch**
Assistant U.S. Attorney

**Phone** 505-224-1536
**Mobile** 505-382-0082

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.